UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHRINERS HOSPITALS FOR CHILDREN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., TRUSTEE, et al., <br><br> Defendants. | Case No. 5:16-cv-03460-EJD <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 15 |

In this litigation over a charitable trust, Shriners Hospitals for Children, American Heart Association, Inc., and American Cancer Society (the "Charities") move to remand to the superior court the probate petition they filed against Respondent and Trustee, Wells Fargo Bank, N.A. ("Wells Fargo"), and a beneficiary, William Anderson Rose. Dkt. No. 15. Wells Fargo opposes the motion.

The court has carefully reviewed this matter and finds it suitable for decision without oral argument. Civ. L.R. 7-1(b). Accordingly, the hearing scheduled for January 12, 2017, will be vacated and the motion to remand will be granted for the reasons explained below.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This action involves the estate plan of Frank P. Anderson, who died on January 3, 1967. Pet., Dkt. No. 1, at ¶ 2. Anderson's Last Will and Testament was admitted to probate and a Decree was entered on December 17, 1968, which provided for the establishment of two trusts: one for Anderson's daughter and one for Anderson's grandson, Rose. Id. at ¶¶ 2, 3. The trust established in favor of Rose originally provided him a stipend of $100.00 per month, and the

Charities were designated as the remainder beneficiaries of both trusts. Id. at ¶¶ 3, 4.

Anderson's daughter died in 1971, and the corpus of her trust was merged into and became a part of Rose's trust (the "Trust"). Id. at ¶ 5. Wells Fargo has been the trustee of the Trust since 1986. Id. at ¶ 6. One provision of the Trust permits the trustee, in its discretion, to make distributions to Rose in addition to the monthly stipend if Rose is "without sufficient funds to defray expenses incurred by illness, accident, or other dire need . . . ." Id. at ¶ 9.

The Charities allege that Rose became engaged in marital dissolution proceedings in 2009, and that he made application to Wells Fargo for additional distributions based on "dire need" in order to pay legal fees incident to the divorce and other obligations. Id. at ¶ 12. Although Wells Fargo initially denied Rose's application, it subsequently began making additional distributions to Rose after being presented a copy of the "Standard Family Law Restraining Orders." Id. at ¶¶ 12-15. Thus, from October 11, 2013, through September, 2014, Wells Fargo paid Rose $162,195.00. Id. at ¶ 15.

The Charities became aware of the distributions in December, 2014. Id. at ¶ 22. After Wells Fargo petitioned the probate court to confirm its decision to make distributions to Rose, the Charities filed the instant Petition on May 27, 2016, in Santa Clara County Superior Court against Wells Fargo and Rose for breach of trust and related relief. Wells Fargo removed the Petition to this court on June 21, 2016, and this motion followed.

**II.  LEGAL STANDARD**

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1)

the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.   DISCUSSION

In the Notice of Removal, Wells Fargo relies on 28 U.S.C. §§ 1331 and 1441(a) and contends the Petition presents federal questions because the Charities seek the following relief: "a declaration that the Trust was intended to qualify for Internal Revenue Code section 642(c) charitable set-aside deduction; an order that Wells Fargo file a 2015 tax return; and an order that Wells Fargo prepare and file all such tax returns, reports and other documents, and do all other things necessary to restore to the Trust its ability and right to elect the IRC section 642(c) charitable set-aside deduction." The Charities argue this relief cannot support federal question jurisdiction. They are correct.

When, as here, removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

3
Case No.: 5:16-cv-03460-EJD
ORDER GRANTING MOTION TO REMAND

Looking to the Charities' Petition as their "well-pleaded complaint," it is apparent that their "causes of action" are not created by federal law. Indeed, the Petition itself makes plain that the Charities' requests are based solely on state statutes governing the administration of trusts. Specifically, the Petition reveals its purpose is to recover for Wells Fargo's alleged breach of trust under Probate Code §§ 16420 and 17200(b)(12), and to obtain relief against a beneficiary, Rose, under Probate Code §§ 17200(b)(1), (b)(2) and (b)(6). Although a federal law is noted in the allegations, "the mere reference" does not "convert a state law claim into a federal cause of action." Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997); accord Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law").

Nor do the Charities' claims implicate significant federal issues, such that removal is condoned by Grable and another case in the same line of authority - Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986). To maintain such a proposition, Wells Fargo must not only overcome the standard burden to prove federal jurisdiction, it must also fit this case into the "special and small category" embraced by Grable. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). Those cases are properly identified by answering the following question: "does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable, 545 U.S. at 314. "Recast as elements, the proponent of a 'substantial federal question' must show: (1) that the state law claim necessarily raises the federal issues identified, (2) that the federal issue is disputed and substantial, and if (1) and (2) are established, then (3) that it is appropriate in the balance of state and federal responsibility for the federal court to hear the claim." Quildon v. Intuit, Inc., No. 5:12-cv-00859 EJD, 2012 U.S. Dist. LEXIS 73353, at *11, 2012 WL 1902021 (N.D. Cal. May 25, 2012).

Wells Fargo has not satisfied any of these elements. As to the first, the contention that the Charities' claims will rely, "almost entirely, on an analysis of 642(c)(2) and other tax laws" is

misplaced based on the Petition's allegations. According to their pleading, the Charities are not seeking a declaration that the Trust qualifies for a charitable deduction under § 642(c)(2) because, for example, the Internal Revenue Service has determined otherwise. Instead, the Charities seek an order "confirming that the Trust, *as established*, was *intended* to qualify for the IRC charitable set-aside deduction," as well as instructions to Wells Fargo to restore and preserve trust assets. Deciding whether or not these orders should issue will require an examination of the settlor's intent and the language of the trust instrument, not an analysis of federal tax laws. As such, Wells Fargo has not convincingly shown that the Charities' claims "necessarily raise" the federal issues it identified.

Looking at the second element, any federal issues implicated by the Petition are insubstantial, even if disputed. Relevant again is the observation that any disagreement over either § 642(c)(2) or tax consequences to the Trust are peripheral rather than central to the issues requiring the court to determine the settlor's intent and to interpret the trust instrument. As such, the Charities' claims do not present a substantial dispute of federal law. See Armstrong v. Northern Mariana Islands, 576 F.3d 950, 955 (9th Cir. 2009) (holding that a "right to relief necessarily depends on resolution of a substantial question of federal law" only where "such question is a necessary element of one of the[] well-pleaded state . . . claims"); see also Berg v. Leason, 32 F.3d 422, 423 (9th Cir. 1994) ("The rule is well settled that a state claim 'arises under' federal law 'if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question.'").

For the third element, the marginal application of the federal tax code to the Charities' claims means they do not "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable, 545 U.S. at 313. Furthermore, it is important to note that the state courts of California, not the federal courts, have "exclusive jurisdiction of proceedings concerning the internal affairs of trusts." Cal. Prob. Code § 17000(a).

Because the Charities' claims are not created by federal law, and because Wells Fargo has not shown they arise under or raise a substantial issue of federal law, the court finds that it lacks

5
Case No.: 5:16-cv-03460-EJD
ORDER GRANTING MOTION TO REMAND

subject matter over this action.[1]  Removal under § 1441(a) was therefore improper on that basis, and the court need not address the parties' additional arguments.  Given the "need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction" (Merrell Dow, 478 U.S. at 814), the motion to remand will be granted and this case will be returned to the superior court.

**IV.  ORDER**

Based on the foregoing, the Charities' motion to remand (Dkt. No. 15) is GRANTED under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The hearing scheduled for January 12, 2017, is VACATED.  The Clerk shall REMAND this action to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: January 5, 2017



EDWARD J. DAVILA
United States District Judge

---

[1] This conclusion also precludes federal jurisdiction based on the other statutes referenced in the Notice of Removal: 28 U.S.C. § 1340, which confers jurisdiction to district courts over any civil action arising under the Internal Revenue Code, and 26 U.S.C. § 7402, which simply references § 1340.

6
Case No.: 5:16-cv-03460-EJD
ORDER GRANTING MOTION TO REMAND